IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES W. FRANSON II, | CV 05-59-BR |
|     Plaintiff, | OPINION AND ORDER |
| v. | |
| CROSSROADS HOSPITALITY COMPANY, LLC, AND RESIDENCE INN BY MARIOTT, MARSHALL McCORMACK, AND KAREN CASOLINO, | |
|     Defendants. | |

**BROWN, Judge.**

This matter comes before the Court on Plaintiff James W. Franson II's Motion to Remand (#7).

For the reasons that follow, the Court **GRANTS** the Motion, remands this matter to state court, awards Franson his reasonable attorneys' fees and costs incurred in connection with this Motion, and retains jurisdiction only for purposes of determining the amount of that award.

1  - OPINION AND ORDER

**PROCEDURAL BACKGROUND**

This is Franson's second action in this Court seeking to litigate common law claims arising from the discharge of his employment with Defendant Crossroads Hospitality Company, LLC, and the second time his state-filed actions have been removed to this Court. The first action, *Franson v. Interstate Management Company, LLC,* CV 04-94-BR, was dismissed in this Court upon Franson's Motion for Voluntary Dismissal Without Prejudice. Franson then filed his second action in Multnomah County Circuit Court against Crossroads, a Delaware corporation, and two individuals, an Oregon resident named Marshall McCormick and a non-Oregon resident named Karen Casalino.

In October 2004, Crossroads and McCormick each filed a motion to dismiss Franson's then-pending first amended complaint and asserted several bases for dismissal. It suffices for purposes of this Motion to note the state court entered an order on December 13, 2004, dismissing with prejudice McCormick, the only Oregon defendant.

Although the state court order also granted Crossroads motion to dismiss, the court granted Franson leave to replead certain common law claims against Crossroads. Franson then filed a second amended complaint on December 22, 2004.

Crossroads filed its Notice of Removal instigating this second case in federal court on January 14, 2005. In its Notice

of Removal, Crossroads relied on the dismissal with prejudice of McCormick, the only Oregon resident defendant, and the rule that dismissal of a "fraudulently joined" nondiverse defendant permits removal on the basis of diversity jurisdiction despite the general rule to the contrary. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987).

**STANDARDS**

1. **Removal**

28 U.S.C. § 1446 provides in part:

> **(a)** A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b)** The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. *If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .*

3 - OPINION AND ORDER

(Emphasis added.)

Thus, an action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332, the federal court has original jurisdiction over controversies in excess of $75,000 between parties of diverse citizenship.

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *Gas v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)(citations omitted). *See also Prize Frieze, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

**2.  Attorneys' Fees and Costs on Remand**

28 U.S.C. § 1447(c) provides in part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court's determination regarding payment of costs and attorneys' fees will be overturned only for an abuse of discretion. *Balcorta v. Twentieth Century-Fox Film*, 208 F.3d 1102, 1105 (9th Cir. 2000).

Although a district court has "wide discretion" in awarding

attorneys' fees under § 1447(c), it must provide "a clear indication of how it exercised its discretion" when such an award is made.  *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001)(internal quotation and citation omitted).  *See also Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992).  While "elaborate mathematical equations are not required," the reasons for the award must be enunciated in such a way as to provide sufficient insight to enable appellate review.  *Sorenson*, 239 F.3d at 1145 (internal quotation and citation omitted).

Before the 1988 amendments to 28 U.S.C. § 1447, attorneys' fees and costs were awardable upon the granting of a motion to remand only when the plaintiff could show the case was removed in bad faith or when removal of the action was not "fairly supportable" by current law.  *Balcorta*, 208 F.3d at 1106 n.6.  While proof of bad faith is no longer necessary, it is within the discretion of the district court to deny fees when the defendant's removal of the action is fairly supportable by current law.  *Id*.

## **DISCUSSION**

Franson seeks an order remanding this case to state court on the basis that Crossroads did not file its Notice of Removal within the 30-day period required by § 1446(b).  Franson also

5  - OPINION AND ORDER

requests an award to compensate him for the attorneys' fees incurred in connection with this Motion.

1.  **Crossroads's Notice of Removal was not filed timely.**

As noted, Crossroads filed its Notice of Removal on January 14, 2005. The question, therefore, is whether the event(s) triggering Crossroads' right to remove occurred within the preceding 30 days; *i.e.*, on or after December 16, 2004.

The parties dispute which event in state court triggered the 30-day period. According to Franson, many events before December 16, 2004, allowed Crossroads to assert a right to remove on the basis of diversity of citizenship, the last of which was the state court's entry of its order dismissing McCormick with prejudice on December 13, 2004.

Crossroads disputes all of Franson's arguments as to when the 30-day period began to run. In particular, Crossroads contends the state court's December 13, 2004, entry of the dismissal order as to the nondiverse defendant could not have triggered the 30-day removal period because the order also dismissed the action against Crossroads albeit with leave to Franson to file an amended complaint against Crossroads.

The Court need not resolve the many issues over which the parties continue to disagree, including when Crossroads first could have ascertained that McCormick had been "fraudulently joined" for purposes of seeking removal on the basis of diversity

jurisdiction after his dismissal from the state case.  *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987).  In any event, the entry of the state court's December 13, 2004, dismissal order is dispositive under a plain reading of 28 U.S.C. § 1446(b), which provides in part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

Even if the state court's December 13, 2004, order was not the "first" paper "from which it may . . . be ascertained that the case is one which is or has become removable," it clearly was an "order" that made it "ascertainable" that the action was removable and, therefore, the 30-day period to remove began no later than the entry of the state court's December 13, 2004, order.  Indeed, the parties agree the Ninth Circuit has so held on nearly identical facts.  The Court notes, however, the decision to which the parties refer is unpublished and, thus, the Court cannot rely on that decision nor should the parties have cited it in their arguments.  *See Sorchini v. Covina,* 250 F.3d 706 (9th Cir. 2001).

Nonetheless, Crossroads argues it could not have filed a notice of removal until after Franson filed his Second Amended

7 - OPINION AND ORDER

Complaint because "there was nothing to remove" in light of the fact the state court's dismissal order also dismissed the First Amended Complaint against Crossroads.  The Court notes, however, the state court's order explicitly gave Franson leave to file another amended complaint.  Thus, the action against Crossroads remained pending and there was, indeed, "something to remove." In any event, Crossroads does not offer any authority to support this argument or to avoid the 30-day limitation period that began to run at the latest on December 13, 2004.  As noted, the removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.

Accordingly, the Court finds Crossroads did not timely file its Notice of Removal.  The Court, therefore, **GRANTS** Franson's Motion to Remand.

**2.   In the exercise of its discretion, the Court concludes an award of attorneys' fees and costs is warranted.**

As noted, a district court has discretion to require "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  *See also Balcorta v. Twentieth Century-Fox Film*, 208 F.3d 1102 (9th Cir. 2000).  Although it is within the discretion of the district court to deny fees when the defendant's removal of the action is fairly supportable by current law, *id*. at 1106 n.6, the converse situation exists here.

In light of the unambiguous language of 28 U.S.C. § 1446(b) and in the absence of any authority supporting Crossroad's rationale for an interpretation contrary to the statute's plain terms, the Court, in the exercise of its discretion, concludes an award of reasonable attorneys' fees and costs to Franson is warranted.

To permit the parties to proceed without delay to advance their case in state court, the Court orders the case remanded and, at the same time, will retain jurisdiction only for purposes of determining the amount of attorneys' fees and costs to award to Franson. In an effort to avoid unnecessary costs associated with that process, the Court directs counsel to meet, to confer, and to attempt in good faith to reach a stipulation as to the amount of that award. In the absence of a stipulation, Franson's counsel shall submit her petition for attorneys' fees and costs no later than June 13, 2005.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion to Remand (#7), remands this matter to state court, awards Franson reasonable attorneys' fees and costs incurred in connection with this Motion, and retains jurisdiction only for purposes of

9 - OPINION AND ORDER

determining the amount of that award.

    IT IS SO ORDERED.

    DATED this 23rd day of May, 2005.

                                                /s/ Anna J. Brown

                                      _____
                                      ANNA J. BROWN
                                      United States District Judge